## RAND v. MASSACHUSETTS BEN. LIFE ASS'N.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

INSURANCE—TRANSFER OF RISKS—VALIDITY OF SUBSTITUTED POLICY.

The provision of the Massachusetts insurance law, forbidding the taking of risks on the lives of persons over 60 years of age, relates to original insurance, and does not invalidate a policy issued by an insurance corporation in lieu of a policy in another company with which it has consolidated, and whose outstanding risks it has taken, the insured having been within the prescribed age when the original policy issued.

Appeal from trial term, New York county.

Action by William J. Rand against the Massachusetts Benefit Life Association to recover money paid on an insurance policy. From a judgment dismissing the complaint on the merits after trial to the court on an agreed statement of facts (42 N. Y. Supp. 26), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

David K. Case, for appellant.

J. K. Hayward, for respondent.

PATTERSON, J. The cause of action as set forth in the complaint is based upon allegations of fraud. The averments are, in substance, that with intent to cheat and defraud the plaintiff's assignor, and thereby procure him to pay to it certain moneys, the defendant, through its agents, falsely and fraudulently represented that it was duly authorized to issue to him a certain policy of life insurance, whereas in fact it was prohibited by statute from so doing. The defendant is a Massachusetts corporation, and at the time it issued its policy to the plaintiff's assignor it was not allowed to take risks on the lives of persons over 60 years of age; the plaintiff's assignor being at that time about 62 years old. Knowledge of the alleged misrepresentation is charged, and the deceit claimed to have been practiced is the only foundation of the action. All fraud is fully denied in the answer. The cause was submitted at the trial on an agreed statement of facts, from which it conclusively appears that, if a determination were to be made under and according to the issues as they are framed by the pleadings, the judgment appealed from is manifestly right. The plaintiff failed altogether to sustain his complaint. There is not one syllable of proof to show fraud or deceit. The substance of the charge is that the defendant, being forbidden by law from taking a risk on the life of a person of the age of the plaintiff's assignor, stated that it could make a valid contract with him (doubtless what is meant is that the agents concealed its want of authority to make the contract), issued its policy, allowed him to pay assessments and mortuary calls, while he was in ignorance that its contract with him was void, and would be unenforceable. The agreed statement of facts shows that an intent to defraud did not exist, and that there is no ground for even the slightest inference against the honesty and good faith of the defendant in the transaction. The plaintiff's assignor, prior to

December 10, 1889, held a policy of insurance in the Security Mutual Benefit Society of New York. That company was consolidated with the defendant at the date mentioned, the latter taking over the outstanding risks of the former by way of reinsurance, and issuing its policies in exchange for those of the Security Company. The Massachusetts statute allowed companies chartered by that state to consolidate with other and similar corporations. The plaintiff's assignor was within the age limit when he took out his policy in the Security Company. He surrendered that policy to the defendant, pursuant to the consolidation scheme, and accepted the substituted policy of the defendant. In the agreed statement of facts it is admitted "that the defendant was advised at the time of said consolidation by counsel learned in the law that it had good right to receive and give insurance to such consolidates then upwards of sixty years of age, and that its action in said transaction was in pursuance of such advice, and in the belief that it was acting legally in the premises." That part of the stipulation disposes effectually of the cause of action arising out of alleged fraud.

There is, however, another view of the case requiring consideration. It was submitted for decision, apparently without regard to the real nature of the cause of action, and the parties thus invited the court to dispose of the controversy between them on the general merits of the plaintiff's claim to recover the moneys his assignor had paid on the policy. In that situation it is urged that on the conceded facts the plaintiff is entitled to recover as in an action for money had and received the amount of the annual assessments and mortuary calls his assignor had paid the defendant after September, 1889; there being, it is claimed, no other consideration for such payments than the void promise or obligation of the defendant. The proofs as made are insufficient to show that the defendant has received moneys of the plaintiff's assignor which, ex æquo et bono, it should not retain. It is not shown as matter of fact that the contract of insurance was void. The validity of that contract under the laws of Massachusetts is a question of fact in the courts of this state. It is proven that the plaintiff's assignor failed to keep alive his policy. He defaulted on payments due and called for. It is further shown that the defendant assumed many millions of "over-age" risks from consolidated companies, and has always paid without objection every honest claim made under such policies. It is not contended that the consolidation of the two companies was unlawful, nor that the taking over by the defendant of the Security Company's outstanding risks was anything other than reinsurance. There is nothing in the Massachusetts statute fixing an age limit which applies in terms to reinsurances which are permitted to be made. The prohibition, by reasonable construction, relates to original risks taken in the first instance by an insuring company; and, as the trial judge remarked, "in such a case [as this] the absorbing corporation is not required to refuse the transfer of risks of the other company because the insured happens at the time of the consolidation to be over sixty years of age." It is not shown, therefore, that the defendant has received moneys

on a void contract, or that it would be inequitable to allow it to retain what it has received from the plaintiff's assignor.

On the facts as they are made to appear, the judgment was properly directed, and must be affirmed, with costs.

RUMSEY, O'BRIEN, and PARKER, JJ., concur. VAN BRUNT, P. J., concurs in result.